UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE:<br><br>THE AVAILABILITY OF CERTAIN RECORDS FROM THE SIERRA COUNTY SUPERIOR COURT CAUSE NO. 6705. | NO:  CV-10-472-RMP<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

This matter comes before the Court on Plaintiff City of Quincy's motion to remand (Ct. Rec. 3).  The Court has reviewed the motion, supporting memorandum (Ct. Rec. 5), and supporting declarations (Ct. Recs. 6 and 11) as well as the declaration filed by Defendant Grant County (Ct. Rec. 10).

Defendant Aaron Doyle, who removed the action to federal court, did not file a response to the motion to remand.

## BACKGROUND

The City of Quincy[1] brought a complaint for a declaratory judgment in Grant County Superior Court seeking a judgment declaring the extent to which the

---

[1] The City of Quincy is located in Grant County in central Washington State.

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 1

City shall provide certain documents related to Defendant Aaron Doyle's previous employment in California to Grant County pursuant to the Grant County Prosecuting Attorney's "Potential Impeachment Disclosure Guidelines" (PID Guidelines) and/or the extent to which the City may consider the documents in the context of an administrative investigation into alleged misconduct by Mr. Doyle (Ct. Rec. 11-3).

The City served Defendant Grant County and legal counsel of Defendant Mr. Doyle with the summons and complaint on November 22, 2010 (Ct. Rec. 11).[2]

---

[2] Although Mr. Doyle is proceeding pro se in the present matter, he is represented by counsel in a contemporaneous action in federal court before Judge Edward Shea, *Doyle v. Gonzales, et al*, CV-10-0030-EFS.  On November 22, 2010, the City Attorney for the City of Quincy, Allan Galbraith, who is also counsel for the City in the present matter, attended an interview of Mr. Doyle in relation to the City's administrative investigation (Ct. Rec. 11 at 3).  William Gilbert, an attorney known to Mr. Galbraith to be representing Mr. Doyle in one or more of the contemporaneous matters, also attended the interview of Mr. Doyle on November 22 (Ct. Rec. 11 at 3).  Following the interview and a discussion among Mr. Gilbert, Mr. Galbraith, and Mr. Galbraith's associate, Mr. Galbraith gave Mr. Gilbert the summons and complaint for Mr. Gilbert to give to Mr. Doyle (Ct. Rec. 11 at 3).  Mr. Gilbert advised Mr. Galbraith that he would immediately deliver the

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 2

Mr. Doyle filed and served a notice of appearance in Grant County Superior Court on November 24, 2010 (Ct. Rec. 11-7). Mr. Doyle sent a copy of a notice of removal to the City on approximately December 23, 2010. Mr. Doyle filed the notice of removal on December 30, 2010 (Ct. Rec. 1). Mr. Doyle had not yet served Grant County with the notice of removal as of January 3, 2011 (Ct. Rec. 10).

In the notice of removal, Mr. Doyle asserts that there is federal subject matter jurisdiction on the basis that the present dispute is "a controversy between citizens of different states" (Ct. Rec. 1). In the separate but contemporaneous federal lawsuit in which Mr. Doyle is a Plaintiff, Mr. Doyle alleged in pertinent part in the complaint that he is "a citizen of Washington, residing within the Eastern District" (Ct. Rec. 1) (Copy of Complaint in *Doyle v. Gonzales, et al*, CV-10-0030-EFS).

## ANALYSIS

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994). A civil defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction. 28

---

documents to Mr. Doyle (Ct. Rec. 11 at 3). Soon after, Mr. Galbraith "observed Mr. Gilbert and Aaron Doyle talking with each other" (Ct. Rec. 11 at 3).

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 3

U.S.C. §1441. However, there is a strong presumption against removal jurisdiction, and the defendant bears the burden of proving that removal jurisdiction exists. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). The Court resolves all ambiguity in favor of remand to state court. *Hunter*, 582 F.3d at 1042.

Moreover, a defendant must file the notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b).

Plaintiffs seeking remand on the basis of any defect other than lack of subject matter jurisdiction must bring the motion to remand within 30 days after the filing of the notice of removal. 28 U.S.C. § 1447(c). Any party can exercise the right to secure a remand to state court of an action over which the federal court lacks subject matter jurisdiction at any time before final judgment. 28 U.S.C. § 1447(c).

The City alleges two defects support remand of this matter to state court: (1) that Mr. Doyle's removal to federal court was untimely; and (2) that this Court lacks subject matter jurisdiction over this matter on the basis of either diversity

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 4

jurisdiction or federal question jurisdiction.  Co-defendant Grant County has filed a declaration informing the Court that the County has no opposition to the motion to remand and itself wishes to "formally object[] to the removal . . . on grounds including, but not limited to: (1) the Notice of Removal was not timely filed; (2) there is no diversity of citizenship between the parties; and (3) there is no federal question alleged and/or pled by the City of Quincy." Declaration of D. Angus Lee, Grant County Prosecuting Attorney (Ct. Rec. 10).

Mr. Doyle filed the notice of removal on December 30, 2010, 38 days after Mr. Doyle most likely received the summons and complaint in the state court action and 36 days after Mr. Doyle entered his notice of appearance.  Under 28 U.S.C. § 1446(b), Mr. Doyle did not timely file his notice of removal.  However, even if the Court were to disregard the untimeliness of the notice of removal, lack of subject matter jurisdiction supports remand of this matter to state court.

Mr. Doyle has represented in the complaint that he filed in a separate action in federal court in February 2010 and in a deposition related to a different federal court action before this Court, to which Mr. Doyle is not a party but instead a witness, that he is a resident of Washington State.  (Ct. Rec. 11-1 at 2) (Copy of Complaint in *Doyle v. Gonzales, et al*, CV-10-0030-EFS); (Ct. Rec. 11-2 at 4) (Dep. of Aaron Doyle in *Smith v. City of Quincy, et al*, CV-09-328-RMP on Sept. 30, 2010).  As the City of Quincy and Grant County are also considered

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 5

Washington State residents for purposes of determining diversity jurisdiction, there is no diversity of citizenship to support the exercise of diversity jurisdiction over this matter. *See* 28 U.S.C. § 1332.  In addition, there is no allegation in the notice of removal regarding the amount in controversy.

Nor is there any allegation in the complaint or by Mr. Doyle of a federal question raised by this matter. *See* 28 U.S.C. § 1331.  Mr. Doyle has not met his burden of showing that federal subject matter jurisdiction exists to support his notice of removal to this Court. *See Hunter*, 582 F.3d at 1042.  Therefore, this Court remands the matter to state court on the finding that it does not have subject matter jurisdiction to consider this case.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Remand (**Ct. Rec. 3**) is **GRANTED**.

2. This matter is **dismissed** and **remanded** to Grant County Superior Court.

The District Court Executive is directed to enter this Order, provide copies to counsel and a certified copy of this Order to the Clerk of Grant County Superior Court, and **CLOSE** this file.

**DATED** this 14th day of January, 2011.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Court Judge

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 6